IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 124-001 |
| | ) | |
| ROY ODUM, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254. Although Petitioner originally filed this case in the Middle District of Georgia, United States District Judge Tilman E. Self, III, transferred the petition to this District because Petitioner seeks to challenge his conviction in the Superior Court of Richmond County, Georgia. (See doc. nos. 4, 8.) Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.   BACKGROUND

Petitioner pleaded guilty to murder, armed robbery, possession of a firearm during the commission of a crime, and aggravated assault in the Superior Court of Richmond County Superior Court, and on October 21, 2009, he was sentenced to life in prison without the possibility of parole for murder, life concurrent for armed robbery, twenty years consecutive for aggravated assault, and five years consecutive for possession of a firearm during the

commission of a felony.  (Doc. no. 1, p. 1; doc. no. 1-3, pp. 4, 12); see also Richmond Cnty. Clerk of Court Web Docket, available at https://www.augustaga.gov/421/Case-Management-Search, click "Yes, I agree," (follow "Criminal Search" hyperlink; then search for Case # 2007RCCR00788, select "Jones, Antonio," last visited Feb. 9, 2024), Ex. A attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). Petitioner did not file a direct appeal at the time of his conviction, but he is seeking permission in both the trial court and his state habeas proceedings to file an out of time appeal.  (See doc. no. 1, p. 6; Ex. A.)

On March 15, 2022, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Ware County, which was dismissed on July 6, 2023.  See Ware Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Party Name, Individual" in Ware County Superior Court; then search for "Jones, Antonio"; and open SUV2022000126, last visited Feb. 9, 2024); see also doc. no. 1, p. 6.  On July 31, 2023, Petitioner filed an application for a certificate of probable cause ("CPC") to appeal the dismissal of his state habeas corpus petition, and that application is currently pending in the Georgia Supreme Court.  Jones v. Odum, S23H1226 (Ga. July 31, 2023); see also Supreme Ct. of Ga. Docket Search, available at https://www.gasupreme.us/docket-search; Search by Case Number S23H1226, last visited Feb. 9, 2024), Ex. B attached.

In his current federal petition dated November 29, 2023, Petitioner alleges his interrogation by law enforcement officers was unconstitutional and he received ineffective assistance of counsel not only in his underlying criminal proceedings but also in his post-

conviction proceedings, claims which Petitioner appears to indicate were raised in his state habeas petition.  (See generally doc. no. 1; id. at 2.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state

3

court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan, 526 U.S. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (ruling that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement. See O'Sullivan, 526 U.S. at 847-48. Lastly, as a general proposition, "when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

**B.   Petitioner Failed to Exhaust State Remedies**

As Petitioner's application for a CPC to appeal the dismissal of his state habeas corpus petition was pending at the time he filed his current federal petition, and remains pending before the Georgia Supreme Court, he has not demonstrated the requisite exhaustion of his

4

available state remedies.  See 28 U.S.C. § 2254(b), (c).  As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added); see also Wright v. Oubre, 768 F.Supp.2d 1277, 1283 (N.D. Ga. 2011) (recognizing state remedies were not exhausted when application for a CPC was pending before Georgia Supreme Court when federal petition filed).  Because Petitioner fails to show that he exhausted his available state remedies, the instant federal habeas corpus petition should be dismissed without prejudice.[1]

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of February, 2024, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Because it is clear Petitioner has state collateral relief proceedings pending, the Court declines to reach the issue of timeliness of the current, or any future, federal petition under AEDPA's one-year statute of limitations.  See 28 U.S.C. § 2244(d).